NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHELLE BILARDI-CORR, *Plaintiff/Appellant*,

*v.*

MARTHA BILARDI, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0689

FILED 07-07-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-037830
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

Michelle Bilardi-Corr, Koloa, HI
*Plaintiff/Appellant Pro Se*

Stacey L. Johnson, PLLC, Glendale
By Stacey Johnson
*Counsel for Appellee Bilardi*

Broening Oberg Woods & Wilson, PC, Glendale
By Donald Wilson Jr., Kelley M. Jancaitis
*Counsel for Appellee Egan*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass[1] and Judge D. Andrew Gaona joined.

---

**F O S T E R**, Judge:

¶1        This appeal arises from a civil matter relating to the probate of Carmen Bilardi's[2] will. In a separate action, Plaintiff Michelle Bilardi-Corr, Carmen's daughter, unsuccessfully challenged probate of Carmen's will. She then pursued this civil action against her stepmother, Martha Bilardi and others, raising various civil claims related to her probate challenge. The superior court dismissed Michelle's civil claims. Michelle appeals the superior court's dismissal of her complaint asserting that the court erred by violating her right to a jury trial, refusing to consider her expert's forensic report, denying her an evidentiary hearing on newly discovered evidence and refusing to address spoliation and alleged fraud upon the court. She also seeks a notary journal from Terry Kappes, the notary public that certified the signatures on her father's will. This Court affirms.

**FACTS AND PROCEDURAL HISTORY**

¶2        Because the facts of this case involve the probate case, this Court includes a brief history of those proceedings.

---

[1] Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

[2] Because some of the parties share a surname, this Court respectfully uses first names to prevent confusion.

I.      **The Probate Case.**

¶3          In July 2021, Carmen, died. More than a year after his death, Carmen's wife, Martha, applied for informal probate of Carmen's will and sought appointment as the estate's personal representative. The Registrar initially denied her application. On October 18, 2022, Martha filed an amended application through probate counsel, Catherine Egan. The Registrar accepted this application, appointed Martha personal representative and admitted Carmen's will to probate. Carmen's surviving heirs consisted of Michelle and Martha.

¶4          Martha did not give Michelle notice of the probate case. At the time of Carmen's death, Michelle and her father had been estranged for over ten years. Martha claimed that when she initiated probate, she did not have Michelle's address because of Michelle's lack of contact with Carmen. Instead, Michelle discovered the probate case on her own in June 2023.

¶5          On July 5, 2023, Michelle filed a claim, on behalf of herself, against Carmen's estate. Her claim sought unpaid child support owed from 1977 to 1988, plus interest on that support.[3] In that claim, Michelle said the "[s]ignatures on will are questionable, compared to past/present documents, and are being analyzed." Six days later, Michelle told Egan's law firm that she "sent the will signatures to a forensic expert with the additional feedback that the signature is extremely questionable."

¶6          Michelle then waited several months (until December 22, 2023) to file a "Petition to Invalidate [Decedent's] Last Will and Testament." In that petition, Michelle alleged "[t]he Signature on Will does not match Forensic Audit compared to other lawful documents signed by Decedent." Martha's probate counsel moved to dismiss Michelle's Petition to Invalidate. Martha argued Michelle's petition was time-barred and requested the court dismiss it. The probate court granted Martha's motion and dismissed Michelle's petition as untimely.

¶7          Michelle appealed the dismissal of the probate case. After considering Michelle's appeal of that matter, this Court dismissed it because Michelle did not file a timely notice of appeal.

---

[3] Though Michelle alleged past due child support resulting from an order between Carmen and Michelle's mother, the record suggests that Carmen did not owe past due support to Michelle's mother.

II.     **The Civil Case.**

¶8         About two weeks after this Court dismissed the probate appeal, Michelle filed a civil complaint (this action) against Martha, Kappes and Egan. Michelle claimed Martha and Egan colluded with Kappes to probate a fraudulent will.

¶9         Kappes moved to dismiss for failure to state a claim under Arizona Civil Rule of Procedure ("Rule") 12(b)(6). After briefing and oral argument on the issue, the superior court dismissed the claims against Kappes and stated: "Plaintiff's allegations of fraud were not pled with particularity. Collateral estoppel and issue preclusion bar plaintiff from bringing this cause of action after the probate issues were litigated. Granting leave to amend would be futile."[4]

¶10         Martha and Egan also moved to dismiss, joining in each other's motion. Martha and Egan asserted several defenses including: failure to plead facts with particularity, insufficient factual allegations, claims based on legal conclusion rather than facts, claim preclusion, statute of limitations, litigation privilege and abatement. After briefing and oral argument, the superior court granted Martha's and Egan's motions to dismiss. The court found "[Michelle]'s complaint [ ] barred by doctrines of claim preclusion and law of the case. Granting leave to amend would be futile. For each and every additional reason set forth in Defendants' pleadings, it is ordered granting the motion." Michelle sought reconsideration, asking the court to order a hearing on her forensic expert evidence and "[r]estore the matter for trial before a jury . . . in accordance with Plaintiff's preserved right." (emphasis omitted). The court denied Michelle's motion for reconsideration.

¶11         Michelle timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A) and -2101(A)(1).

**DISCUSSION**

¶12         On appeal, Michelle claims the superior court's dismissal denied her right to a jury trial and evidentiary hearing. She also argues the court violated her due process rights by failing to allow a forensic document examination, to take judicial notice of evidence and to resolve factual issues

---

[4] Though Michelle appeals the superior court's order dismissing her complaint, she does not appeal the dismissal of her claims against Kappes. She and Kappes stipulated to dismiss him from this matter before appealing.

related to Kappes' notary journal and related records. Michelle asks this court to reverse the dismissal, remand for a jury trial and evidentiary hearing, order production of the notary journal, and direct the superior court to admit Michelle's forensic records.

**¶13** As a preliminary matter, Michelle's notice of appeal and opening brief fail to address the superior court's reasons for dismissing her complaint and why they were error. "Failure to argue a claim usually constitutes abandonment and waiver of that claim." *State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004). In their answer, Martha and Egan assert waiver. But Michelle argues in her reply that her "challenge[ to] the legal foundation of the dismissal[] . . . necessarily encompasses the doctrines [Martha and Egan] list." She then addresses preclusion for the first time. She also suggests that the posture of the case required the court to construe the facts in her favor and asserts it failed to do so.

**¶14** This Court generally does not consider issues raised for the first time in a reply brief. *Parker ex rel. Parker v. Ariz. Interscholastic Ass'n, Inc.*, 204 Ariz. 42, 47–48, ¶ 16 (App. 2002) (citation omitted). But this Court has discretion to review such issues. *Munoz v. Indus. Comm'n*, 234 Ariz. 145, 151, ¶ 20 n.6 (App. 2014) (citation omitted). "Because resolution of cases on their merits is preferred," *DeLong v. Merrill*, 233 Ariz. 163, 166, ¶ 9 (App. 2013), this Court will, in the exercise of that discretion, address the merits of Michelle's arguments to the extent she sufficiently develops them, *see id.*

**¶15** Because the superior court dismissed Michelle's claims for failure to state a claim, this Court reviews the dismissal *de novo* and assumes the truth of all well-pled facts in the complaint. *Hammer Homes, LLC v. City of Phoenix*, 256 Ariz. 526, 528, ¶ 10 (App. 2023); *see* Ariz. R. Civ. P. 12(b)(6). But this Court will not take as true conclusory statements, unsupported allegations, conclusions of law or inferences alleged as facts. *Hammer Homes,* 256 Ariz. at 528 ¶ 10. "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012) (cleaned up).

I.      **The probate matter precludes Michelle's claims.**

**¶16**      Claim preclusion[5] prevents a party from later litigating "other causes of action based on the transaction or series of transactions out of which an action arises, considering 'whether the facts are related in time, space, origin, or motivation.'" *Crosby-Garbotz v. Fell*, 246 Ariz. 54, 59, ¶ 19 (2019) (quoting Restatement (Second) of Judgments § 24 (1982)). Claim preclusion applies when earlier litigation concluded with a final judgment on the merits. *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266, ¶ 10 (2022).

**¶17**      Michelle argues, without support from the record, that "[t]he probate court . . . expressly declin[ed] to reach the merits of Appellant's fraud and forgery allegations." She reasons that because the probate court dismissed her petition challenging Carmen's will on timeliness grounds, it never reviewed her claim on the merits. Therefore, she argues "no court has ever adjudicated the disputed question [of] . . . whether the [w]ill presented for probate bears Carmen Bilardi's authentic signature."

**¶18**      Arizona law has long held "[a]ll probate proceedings and judgments rendered therein are in the nature of proceedings in rem, and a final decree of distribution has the force and effect of a judgment in rem." *In re Cassidy's Estate*, 77 Ariz. 288, 293 (1954). Probate proceedings provide a forum to challenge the decedent's testamentary capacity and the validity of the decedent's will. *See* A.R.S. §§ 14-3401 and -3412. A court's order settling and closing an estate triggers final adjudication "as to all issues considered by the court, and every point raised by the record which could have been decided." *Matter of Estate of Ivester*, 168 Ariz. 323, 328 (App. 1991).

**¶19**      In the probate case, Michelle alleged claims of what appear to be fraud and forgery in challenging Carmen's will. She claimed Carmen's signature on the will does not match other documents containing his signature. But Michelle failed to timely raise that challenge in the probate case and the court dismissed it. Michelle then failed to timely appeal the superior court's probate decision, barring any further claims related to Carmen's will, including Michelle's claims of fraud and forgery. *Matter of Estate of Ivester*, 168 Ariz. at 328.

---

[5] Arizona courts use the more concise and less confusing terminology of "claim preclusion" over the legal term "*res judicata*." *Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 425–26 (App. 1993).

**¶20** Michelle's notice of appeal further supports dismissal of her claims. Her appeal states it "concerns issues . . . arising from the probate case [ ] and its transition into the civil action." Michelle's civil complaint alleges the same conduct for fraud and forgery against the same defendants pled in the probate matter. The superior court did not err in dismissing Michelle's claims and denying her motion for reconsideration.

**¶21** The relief Michelle seeks (reversal of the dismissal, remand for a jury trial and evidentiary hearing, order requiring production of the notary journal and directing the superior court to admit Michelle's forensic records), all relate to the probate matter. Because the probate matter served as the proper forum for Michelle to challenge the validity of Carmen's will and the circumstances under which it was signed, Michelle's claims, here, are barred. The superior court properly dismissed her complaint.

## II. **Michelle failed to properly plead fraud.**

**¶22** Though this Court would generally end its analysis with the above, Michelle makes broad allegations, some of which *may* fall outside the probate court's jurisdiction. In addition to dismissing for preclusion and law of the case, the superior court dismissed Michelle's claims "[f]or each and every additional reason set forth in Defendants' pleadings." But on appeal, Michelle only raises her allegations of fraud, not any of the others listed in her complaint. Thus, to the extent that preclusion does not bar her claims, this Court addresses the sufficiency of Michelle's fraud allegations, which lack substance.

**¶23** Michelle argues the superior court erred in dismissing her civil fraud claims for lack of particularity in her complaint. Without reference to the record, Michelle concludes her claims of fraud "alleged the nature of the misrepresentation, the basis for falsity, the parties involved, and the resulting harm." She asserts, without supporting law, that these allegations, alone, were sufficient to overcome dismissal.

**¶24** Pleadings must provide defendants with sufficient notice of the claims against them, typically through "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). A complaint must identify the specific party that engaged in the conduct justifying relief and connect the conduct to the elements of the claim for which relief can be granted. *Steinberger v. McVay ex rel. County of Maricopa*, 234 Ariz. 125, 141, ¶ 73 (App. 2014). "[G]enerically alleg[ing] that 'Defendants' engaged in a variety of behaviors" is insufficient to survive the more stringent standards of Rule 9(b). *Id.* at ¶ 74. Claims of fraud require

a heightened level of particularity. Ariz. R. Civ. P. 9(b). Specifically, "a party must state with particularity the circumstances constituting fraud or mistake[ while m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Here, to the extent that Michelle's claims of fraud survive preclusion, they fail to meet the particularity pleading standard of Rule 9(b). *See Pruitt v. Pavelin*, 141 Ariz. 195, 205–06 (App. 1984) (applying Rule 9(b) to a claim of forgery).

**¶25**        Paragraphs 5, 6, 7, 9, 10, 14, 15, 16 and 17 of Michelle's complaint loosely allege that Defendants committed fraud or mention fraud. But each fails to provide specific facts supporting that Defendant's conduct constituted fraud. *See Steinberger,* 234 Ariz. at 142, ¶ 75. For instance, paragraph 5 states "Defendants submitted fraudulent documents to the court" but does not allege what documents were fraudulent. Though Michelle refers to a forensic audit, she does not include an audit with her complaint. Similarly, in paragraph 6, Michelle claims "Forgery of Legal and Lawful Court Documents – Proven by the Forensic Audit." But again, without specific facts or evidence to support her allegation, such claims do not meet the standard under Rule 9(b). *See Coleman*, 230 Ariz. at 356, ¶¶ 8–9.

**¶26**        Finally, Michelle argues that the court erred in dismissing her complaint without granting leave to amend. Leave to amend is generally granted in the interest of justice, but "the right to amend is not automatic." *Matter of Torsten's Estate*, 125 Ariz. 373, 376 (App. 1980). A court may deny such a motion where "the court finds undue delay in the request, bad faith, undue prejudice, or futility in the amendment." *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). But Michelle never sought to amend her complaint and even if she had, the preclusive effect of the probate case would have made such an attempt futile. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.,* 231 Ariz. 517, 520, ¶ 12 (App. 2013). Because the court did not err in dismissing her complaint, Michelle's requests for a jury trial, evidentiary hearing or consideration of the testimony of Michelle's forensic expert have no merit.

## CONCLUSION

¶27      This Court affirms. Martha and Egan are awarded their taxable costs on appeal as the prevailing parties under A.R.S. § 12-341, subject to their compliance with Arizona Rule of Civil Appellate Procedure 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED:**      JR